**UNITED STATES of America, Appellee,**

v.

**Thomas E. SOUTHERLAND, Appellant.**

**No. 77–1409.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1977.

Decided Nov. 23, 1977.

Stephen A. Kermish, Atlanta, Ga. (Oehlert, Kermish, Labovitz, Marcus, Brazier & Rosenberg, Atlanta, Ga., on brief), for appellant.

Thomas L. Crowe, Asst. U.S. Atty., Baltimore, Md. (Jervis S. Finney, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and RUSSELL, Circuit Judge.

PER CURIAM:

The petitioner, in this § 2255, 28 U.S.C. proceeding, assails the validity of the imposition of four consecutive maximum sentences under a guilty plea to four counts of an indictment charging unlawful production and use of military passes and permits, and impersonation.[1]

---

1. § 499, 18 U.S.C.

The prosecution arose out of a trip by the petitioner from Thailand to the United States, broken by a stop in Okinawa, on American military planes. On December 9, 1972, the petitioner used false military papers in order to board and travel upon a military plane from U Tapao Air Base in Thailand to Okinawa. The next day he followed the same procedure in boarding and traveling on a military plane from Okinawa to Dover, Delaware. Two counts of the indictment (counts 2 and 3), to which the petitioner plead guilty, charged separately possession and use of false military papers and impersonation of persons to whom such papers were issued, both with intent to defraud, when the petitioner boarded the military plane in Thailand; and two other counts, to which he plead guilty (counts 5 and 6), charged similar offenses when the petitioner boarded the military plane in Okinawa for transportation to the United States. As we have stated, the petitioner plead guilty to the four counts and the district court imposed maximum sentences of five years under each count, to be served consecutively, or a total sentence of twenty years.

The petitioner does not dispute that the possession and use of the false military papers and the impersonation of the person named in those papers constituted two violations of § 499. It is his position, however, that under *United States v. Birch* (4th Cir. 1972) 470 F.2d 808, *cert. denied* 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390, both violations of the same statute became complete only when the petitioner had boarded the military plane for transportation, and that, under *United States v. Atkinson* (4th Cir. 1975) 512 F.2d 1235, 1240, *cert. denied* 429 U.S. 885, 97 S.Ct. 235, 50 L.Ed.2d 165, since the two violations are thus established by the same act, but a single sentence under the statute is permitted. We agree. We do not agree, however, with his further position that the use of the false military papers and the impersonation of the person named therein when the petitioner boarded the plane in Thailand and when he later boarded the next day another plane in Okinawa are to be treated as a single act, for which only one sentence was permissible, since the petitioner's only intent was to travel from Thailand to Delaware. There were two separate acts of use and impersonation on two separate occasions and separate sentences can be imposed for those separate acts.

It follows that a single sentence of five years could only be imposed under a guilty plea to counts two and three of the indictment and a single sentence of five years could only be imposed under a guilty plea to counts five and six of the indictment, which two sentences could run consecutively. The cause is accordingly remanded for amendment of sentences in accordance with the foregoing.

*REMANDED.*